## In re MOORE.

(District Court, E. D. Tennessee. May 15, 1909.)

No. 17.

BANKRUPTCY (§ 396*)—EXEMPTIONS—LIFE INSURANCE POLICIES—TENNESSEE STATUTE.

Code Tenn. 1858, §§ 2294, 2478 (Shannon's Code, §§ 4030, 4231), which provide that any life insurance effected by a husband on his own life shall inure to the benefit of his widow and children free from claims of

his creditors, do not exempt in favor of the husband during his life policies of life insurance payable either to himself or to his estate; and since such policies remain subject to assignment by him during his life, they pass to his trustee on his bankruptcy, under Bankr. Act July 1898, c. 541, § 70a, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451) subject to his right to redeem the same by paying their surrender value.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 396.*]

In Bankruptcy. In the matter of A. C. Moore, bankrupt. On petition for review of order of referee. Order reversed.

See, also, 146 Fed. 187.

Susong & Biddle and H. N. Cate, for trustee.

J. B. Holloway and W. D. & W. J. McSween, for bankrupt.

SANFORD, District Judge. This petition is filed to review an order of the referee adjudging that two insurance policies taken out by the bankrupt upon his own life, one payable to himself and having a stipulated cash surrender value of $985, and the other a paid-up policy payable to the bankrupt's estate upon his death, having an estimated cash surrender value of about $100, were exempt to the bankrupt under the statutes of Tennessee and the bankruptcy act of 1898 and did not pass to the trustee in bankruptcy as assets for the benefit of creditors in this cause. These exemptions were claimed by the bankrupt under sections 2294 and 2478 of the Code of Tennessee of 1858, which are but the substance of section 3 of the act of February 2, 1846 (Acts 1845–46, p. 327, c. 216), brought forward into the Code. Williams v. Carson, 9 Baxt. (Tenn.) 516.

Section 2294 (Shannon's Code, § 4030), which is found in the chapter of the Code entitled "Of the Administration of Estates," provides that:

"A life insurance effected by a husband on his own life shall inure to the benefit of the widow and next of kin, to be distributed as personal property, free from the claims of his creditors."

Section 2478 (Shannon's Code, § 4231), which is found in the chapter of the Code entitled "Of Husband and Wife," provides that:

"Any life insurance effected by a husband on his own life shall, in case of his death, inure to the benefit of his widow and children; and the money thence arising shall be divided between them according to the law of distributions, without being in any manner subject to the debts of the husband, whether by attachment, execution or otherwise."

1. I am of the opinion that the referee was in error in holding that under these statutes the life insurance policies were exempt to the bankrupt. While it does not appear, either from the referee's certificate or from any testimony to which I have been referred, that the bankrupt was, when the policies issued, or is now, a married man, so that the essential condition upon which any claim for exemption can be based under the Tennessee statutes is, so far as disclosed by the record, lacking, these statutes having no application except to a policy upon the life of a married man (see Rose v. Wortham, 95 Tenn. 505, 32 S. W. 458, 30 L. R. A. 609; Wright v. Wright, 100 Tenn. 313, 45 S. W. 672); yet as no question has been raised on this point, and

the fact of his marriage has apparently been assumed by counsel for all parties and by the referee, I shall, upon this assumption, consider the question of law as applicable to the case of a married man.

Thus considered, the question depends entirely upon the construction of the Tennessee statutes. It is settled on the one hand that insurance policies exempt by the state law are exempt under section 6 of the bankruptcy act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]), and do not pass to the trustee in bankruptcy as assets under section 70a of that act (Holden v. Stratton, 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018) · while, on the other hand, it seems equally clear that, if not exempt under the state law, they pass to the trustee as assets of the estate, under section 70a, subject only to the right of the bankrupt to redeem them upon paying their surrender value (1 Remington on Bankruptcy, § 1005). See, also, Holden v. Stratton, 198 U. S. 202, 213, 214, 25 Sup. Ct. 656, 49 L. Ed. 1018. After careful consideration of the Tennessee statutes and the decisions of the Supreme Court of Tennessee in reference thereto, I am of the opinion that these statutes do not exempt, in favor of the husband, during his life, policies of insurance upon his life, payable either to himself or to his estate, but merely exempt the proceeds of such policies, after his death, for the benefit of his widow and children or next of kin, free from the claims of his creditors.

It is apparent from the face of these statutes that they create no exemption in favor of the husband himself, a construction which is emphasized by the fact that the Tennessee statute creating exemptions in favor of the heads of families does not include policies of insurance upon their own lives. Code Tenn. 1858, § 2391 (Shannon's Code, § 3794). Nor is there anything in either of these statutes indicating that it was intended to create any exemption, even in favor of the wife and children, during the life of the husband. On the contrary, section 2478 (Shannon's Code, § 4231) by its terms applies only in case of death of the husband, and provides for the division of the proceeds according to the law of distributions. And while section 2294 (Shannon's Code, § 4030) does not in terms refer to the husband's death, the fact that it was intended to apply only after his death is shown, not merely by its being found in the chapter relating to the administration of estates, but also by the provision that the insurance "shall inure to the benefit of the widow and next of kin, to be distributed as personal property"; such provision being manifestly applicable only after the husband's death.

It is furthermore well settled by the decisions of the Supreme Court of Tennessee that the provisions of these statutes only apply where the policy remains undisposed of by the husband during his lifetime, and that during his lifetime he may deal with such policy as with any other property he may acquire, and may assign and dispose of the same during his lifetime, by will or otherwise. Rison v. Wilkerson, 3 Sneed (Tenn.) 565; Williams v. Carson, 9 Baxt. (Tenn.) 516, affirming 2 Tenn. Ch. 269; Rose v. Wortham, 95 Tenn. 505, 510, 32 S. W. 458, 30 L. R. A. 609; Cooper v. Wright, 110 Tenn. 214, 216, 75 S. W. 1049. In Rison v. Wilkerson, supra, Caruthers, J., delivering the opinion of the court, said:

"We think that nothing more is intended by the act, and that no other operation can be given to it, than to prevent a fund of this kind from passing into the hands of the administrator with the other effects of the insured, in favor of the widow and children, or, in other words, to prefer them to creditors to that extent. But it can only apply where the claim remains undisposed of by the deceased. His power over it during his life is not at all affected by the act, but continues as ample and unrestricted as before."

In other words, the effect of these decisions is that during the husband's lifetime there is, under the statutes, no irrevocable setting apart of the insurance policies for the benefit of the wife and children, and no vestiture of interest in them; but the policy remains in all respects the property of the husband, to be dealt with by him as any other property, and disposed of by him as other assets, so far, at least, as the rights of his wife and children are concerned. On the other hand, if the husband makes such insurance upon his life payable to his wife or children, it seems that he loses the power of disposition, and cannot assign or transfer it, so as to defeat the rights of the beneficiaries. See Southern Insurance Co. v. Booker, 9 Heisk. (Tenn.) 606, 24 Am. Rep. 344; Scobey v. Waters, 10 Lea (Tenn.) 551; Ewing v. Coffman, 12 Lea (Tenn.) 80.

As a result of these decisions, it is a fair inference that where the husband, in taking out the policy upon his own life, makes it payable to himself or his estate, instead of to his wife and children, he does not intend to make an irrevocable dedication of the proceeds to his wife and children, but, on the contrary, intends to retain the same during his life as his own property, with the right of disposing of the same for his own benefit for any purpose that he may deem proper. This being so, I think it clear that as no right in these policies has vested in the widow and children, and if the policies were held to be exempt in favor of the bankrupt, he could immediately dispose of them for his own benefit as any other asset, he has now no valid claim to them as property exempt to him under the Tennessee statutes, in the absence of any provision in such statutes indicating any intention whatever to create any such exemption in his favor, or to create any other exemption than that in favor of his wife and children or next of kin after his death, provided the policies have not been previously transferred by him.

It was clearly not intended by these statutes to allow a debtor to invest money equitably belonging to his creditors in policies of this character, in such form that the beneficial interest would not be vested beyond his control for the benefit of his wife and children, but would be retained in a form convertible at any time to his own uses and capable of being disposed of for his own benefit, and, at the same time, to insist that such policies were exempt, in his own favor, from the claims of his creditors, at a time when his wife and children had acquired no vested interest therein.

It may be added that, even if the Tennessee statutes were intended to create any exemption at all during the lifetime of the husband, this would clearly not be an exemption which the husband himself could set up in his own behalf, thereby giving him the privilege, after the exemption had been allowed, of defeating the interest of the wife and

children by disposing of the policies for his own benefit, but would, at most, be an exemption in favor of the wife and children. Whatever may have been the intention of these statutes, they were clearly not designed as a shield to protect the husband himself from his creditors, and to enable him, under the guise of a contingent protection for his family, to make investments for his own benefit free from the claims of his creditors.

In the present case, however, the sole claim for exemption is that made by the husband; the wife and children, if any, not being before the court or setting up any claim whatever to this insurance, so far as this record discloses.

It is true that in the case of Harvey v. Harrison, 89 Tenn. 470, 473, 14 S. W. 1083, 1084, involving a contest between the creditors of Harrison and his widow as to the proceeds of insurance taken out by him upon his life and payable to his wife as the beneficiary, the court said, incidentally, that:

"If the insurance had been made payable to Harrison's estate, and had so continued, the creditors could not have touched it before or after his death. * * *"

This, however, was merely an incidental reference, entirely obiter, having no reference to the question directly under consideration, and made without any statement of the reasons upon which it was based. Under these circumstances, I cannot regard this dictum as controlling the present case. Nor is the case controlled, as I view it, by the opinion in the case of Holden v. Stratton, 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018, in which it was held that life insurance taken out by a husband upon his own life in favor of his wife was exempt in bankruptcy proceedings under a statute of the state of Washington. The statute (Laws 1897, p. 70) there under consideration was entirely different from the Tennessee statutes, providing broadly "that the proceeds or avails of all life insurance shall be exempt from all liability for any debt," there being apparently no limitation in the act either as to the character of the debts from which it was to be exempt or the class of persons in whose favor such proceeds should be exempted; the intention to exempt such insurance in favor of the husband during his lifetime being furthermore shown, as pointed out by the Supreme Court, by an amendment expressly extending the statute to the avails of accident policies. The court, in its opinion sustaining the exemption, emphasized the difference between this statute and the form common in many states, saying:

"The wide departure from the legislation of many of the other states, shown by the unrestricted terms of the Washington statute, instead of manifesting the intention of the Legislature of that state to narrow the exemption to conform to the statutes of other states, on the contrary, conclusively shows the intention of the Washington Legislature to adopt a broader and more comprehensive exemption. And light upon the intention to give a broad and popular meaning to the term 'life insurance' is shown by the amendment exempting the avails of accident policies, which ordinarily, in the event death does not result, is payable to the insured."

Furthermore, as pointed out, the exemption allowed was in conformity to an earlier decision of the Supreme Court of the state of Washington.

2. I have not considered the question referred to in the referee's certificate as to the claim made by the City National Bank of Morristown that these policies have been assigned by the bankrupt to his brother. This question is not in any manner in issue under the present pleadings and is not determined at this time.

An order will be entered overruling the referee's report and adjudging that the policies in question are not exempt in favor of the bankrupt, but that so far as the claims of the bankrupt are concerned they passed to the trustee in bankruptcy as assets of the bankrupt estate.