## In re STANSELL.

(District Court, W. D. Tennessee, W. D. November 12, 1925.)

No. 6192.

**1. Bankruptcy ⊚═396(1)—Bankrupt is allowed all exemptions prescribed by laws of state of domicile.**

Under Bankr. Act, § 6 (Comp. St. § 9590), a bankrupt is allowed all the exemptions prescribed by the laws of the state of his domicile.

**2. Bankruptcy ⊚═396(3)—Proceeds of insurance policy are exempt from claims of creditors after death of insured.**

In Tennessee, state of bankrupt's domicile, proceeds of insurance policy are exempt from claims of creditors after death of insured, in view of Shannon's Code Tenn. § 3795 et seq.

**3. Bankruptcy ⊚═396(3)—Cash surrender value of life insurance policies, taken out by voluntary bankrupt, and in which wife was beneficiary, held exempt from claims of creditors; "proceeds of policy."**

In view of Shannon's Code Tenn. §§ 3795 et seq., 4030, 4231, cash surrender value of life insurance policies, taken out by voluntary bankrupt many years before the petition, and in which his wife was beneficiary, held exempt from claims of creditors as being proceeds of a policy within section 2265.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proceeds.]

In Bankruptcy. In the matter of Walker Stansell, bankrupt. On petition to review final order of referee dismissing petition of trustee for order compelling bankrupt to surrender certain life insurance policies. Order affirmed.

Sivley, Evans & McCadden, of Memphis, Tenn., for bankrupt.

A. B. Knipmeyer, of Memphis, Tenn., for trustee.

ANDERSON, District Judge. This matter comes before the District Judge on a petition to review a final order of the referee in bankruptcy, which held, in effect, that the cash surrender value of certain life insurance policies on the life of the bankrupt, and in which his wife was beneficiary, were exempt, under the statutes of Tennessee, from the claims of creditors, and therefore dismissing a petition of the trustee of the bankrupt's estate for an order compelling the bankrupt to surrender these policies.

These policies were all taken out many years previous to the voluntary petition in bankruptcy of the bankrupt, Stansell.

The one question raised by this petition to review relates to the interpretation of the law of Tennessee on the rights of creditors to the proceeds of life insurance policies.

[1] It is elementary that a bankrupt is allowed all the exemptions prescribed by the laws of the state of his domicile. See section 6, Bankruptcy Act (Comp. St. § 9590); Holden v. Stratton, 198 U. S. 202, 25 S. Ct. 656, 49 L. Ed. 1018.

[2] The law in Tennessee is clear that the proceeds of an insurance policy are exempt from claims of creditors after the death of the insured. (Code, § 3795 et seq.)

[3] Is there a different rule as to the proceeds of a policy before the death of the insured?

In re Moore (D. C.) 173 F. 679, holds that a different rule does apply. This is the only case absolutely on all fours with the case at bar, which interprets the Tennessee

statutes and decisions; hence the importance of a settlement of this question so far as this jurisdiction is concerned.

It is with the utmost reluctance that this court is obliged to differ from the conclusions of the eminent jurist who rendered the opinion in Re Moore. The statute law of Tennessee, the reported decisions of the Supreme Court of Tennessee, and the announced policy of the Supreme Court of Tennessee to give a liberal interpretation to statutes exempting the proceeds of life insurance policies, renders it necessary to reach the opposite conclusion from that arrived at in the case cited above.

Shannon's Annotated Code of Tennessee, sections 4030 and 4231, sets out the statutes of the state applicable:

"A life insurance effected by a husband on his own life shall inure to the benefit of the widow and next of kin, to be distributed as personal property, free from the claims of his creditors."

"Any life insurance effected by a husband on his own life shall, in case of his death, inure to the benefit of his widow and children; and the money thence arising shall be divided between them according to the law of distributions, without being in any manner subject to the debts of the husband, whether by attachment, execution, or otherwise."

The above acts were passed in 1845. The controlling statute, however, was the act of 1875 (section 2265 of Shannon's Code 1917):

"When policies of insurance are effected by any person on his life, for the benefit of his wife, * * * the creditors of the person thus insuring shall have no claim on the proceeds of the policy, and the same shall inure to the persons for whose benefit the insurance was effected."

This statute is much broader than the act of 1845. It exempts "the proceeds of the policy."

In the opinion of this court the cash surrender value of a life insurance contract is as much "the proceeds of a policy," as the money due on the policy after the death of the insured. Thus, without going into the reported cases in Tennessee, the act of 1875, clearly exempts the surrender value of the policies in the instant case from the claim of the trustee of the bankrupt's estate.

This court, however, cites Jackson v. Benefit Ass'n, 140 Tenn. 495, 205 S. W. 318, to show the policy of the Tennessee courts and Legislature in regard to the claims of creditors to the proceeds of life insurance policies. "It must be remembered that life insur-

ance is of a peculiar nature. It is not, in Tennessee, an asset of the insured's estate, subject to his debts, but it is secured by statute to the care and support of his dependents. It is the policy of our courts and our Legislature to protect insurance, and see to its application to the purposes indicated."

This policy, as outlined above, is a wise policy, based on broad considerations of public welfare. The high standard and comfort of American life, the bold conduct of American business, and the freedom from pinch-penny economy of the average American citizen, is, in a large measure, due to the wide prevalence of life insurance. The professional man, the business man, and the skilled laborer, without the protection of insurance, would constantly be haunted with the fear of loss of health, earning capacity, or life, and the consequent deprivation to his dependents.

To sustain the principle laid down in Re Moore would be, to a certain extent, to limit the benefits of life insurance to the solvent, and to deprive the insured of its protection at the very time he most needs it, namely, when involved in financial difficulties.

To revert for a moment to the Tennessee cases, the following extract from Harvey v. Harrison, 89 Tenn. 470, 14 S. W. 1084, is valuable as showing the viewpoint of the courts of Tennessee:

"If the insurance had been made payable to Harrison's estate, and had so continued, the creditor could not have touched it before or after death."

Harvey v. Harrison is quoted with approval in several subsequent cases. In Cooper v. Wright, 110 Tenn. 214, 75 S. W. 1049, the court, citing Harvey v. Harrison as authority, discussing an insurance policy, refers "to creditors who have no interest in it, and who could not have subjected it to the payment of their demands."

Chrisman v. Chrisman, 141 Tenn. 424, 210 S. W. 783, cites Harvey v. Harrison with approval; and in Rose v. Wortham, 95 Tenn. 511, 32 S. W. 458, 30 L. R. A. 609, the court again lays down the policy of liberal construction of exemption laws as applied to insurance.

White v. Bickford, 146 Tenn. 608, 244 S. W. 49, 26 A. L. R. 129, again cites Harvey v. Harrison, and, referring to the Tennessee statute, says:

"The statute is not only for the benefit of the wife and child, but for the benefit of the husband and father in his efforts to make provision for his family. * * * It en-

ables a father or husband in his lifetime to make special provisions for their protection independently of his property which may be exempt from sale or execution."

The court therefore holds that the policies in the instant case are exempt under the laws of Tennessee, and the order of the referee is in all things sustained.

Let an order to that effect be entered.