C. E. Dawson, Trustee, v. National Life Insurance Co.
et al.*

(*Knoxville.* December Term, 1927.)

Opinion filed, December 19, 1927.

1. BANKRUPTCY. EXEMPTION.

Section 6 of the National Bankrupt Act exempts from its operation
all property exempted by the State law. (*Post,* p. 308.)

Citing: Holden v. Stratton, 198 U. S., 202, 49 L. Ed., 1018; Elledge
v. Sumpter, 140 Tenn. (13 Thomp.), 15.

2. LIFE INSURANCE. EXEMPTION. STATUTES.

Statutes exempting life insurance should be liberally construed.
(*Post,* p. 308.)

Citing: Harvey v. Harrison, 89 Tenn. (5 Pick.), 470; Rose v. Wort-
ham, 95 Tenn. (11 Pick.), 505; 31 A. L. R. 63.

3. LIFE INSURANCE. EXEMPTION. CONSTRUCTION OF
STATUTES. LEGISLATIVE INTENT.

The manifest purpose of our statute was to exempt a husband's
life insurance from the claim of creditors and preserve same for
the widow and next of kin, and also for the purpose of enabling
the husband and father to provide a fund during his lifetime,
which after his death his family may have, and the exemption
applies even before the death of the insured. (*Post,* p. 308.)

Citing: Shannon's Code, secs. 4030, 4231, Acts of 1845 and 1846,
chapter 216, sec. 3; Harvey v. Harrison, 89 Tenn. (5 Pick.), 470;
White v. Bickford, 146 Tenn. (19 Thomp.), 613.

4. LIFE INSURANCE. SURRENDER VALUE. EXEMPTION.

A surrender value of a life insurance policy is exempt from credi-
tors. (*Post,* p. 311.)

Citing: 25 C. J., 72; In re Morse, 206 Fed., 350; In re Orear, 189
Fed., 888; In re Plaffinger, 164 Fed., 526; Murphy v. Casey, 150
Minn., 109; Dreyfus v. Barton, 98 Miss., 768.

5. LIFE INSURANCE. PROCEEDS. RIGHTS OF BENEFIC-
IARY. CROSS-BILL.

Where in a cross-bill the wife of a bankrupt alleges that some of
her husband's policies were payable to her and others to his

estate, that the trustee had wrongfully collected the surrender value and dividends, and later by leave of the court amended her bill so as to allege that her husband assented to the collection by her of the cash surrender values of all policies involved and had authorized the insurance companies, and the Trustee in Bankruptcy to pay over such funds to her, the children of the insured were not necessarily parties to the suit.   (Post, p. 311.)

6. ORIGINAL BILL.  CROSS-BILL.  DEMURRER.

Where the subject-matter and all of the parties are the same demurrer will not lie to the cross-bill.   (Post, p. 313.)

7. BANKRUPT COURT.  STATE COURT.  PROSECUTION OF SUIT.  JURISDICTION.

Where the bankrupt court authorized the trustee to file an original bill for the express purpose of adjudicating the very questions raised by the cross-bill, the State Court has jurisdiction of the whole matter.   (Post, p. 313.)

Citing: Bardes v. First National Bank of Hawarden, 177 U. S., 521, 44 L. Ed., 1075.

8. BANKRUPTCY.  EXEMPT PROPERTY.  TITLE.

The title to exempt property never passes to the Trustee in Bankruptcy, and a conversion of exempt property renders the trustee personally liable.   (Post, p. 313.)

Citing: Lockwood v. Exchange Bank, 190 U. S., 294, 47 L. Ed., 1061; Remington on Bankruptcy, secs. 1272, 2332.

9. BANKRUPTCY COURT.  STATE COURT.  DECREES.

A fund in the hands of the Trustee in Bankruptcy could not be taken under a decree of the State Court, but application will have to be made to the Bankruptcy Court which court usually gives effect to the decree of the State Court.   (Post, p. 313.)

---

*Headnotes 1. Exemptions, 25 C. J., section 8; 2. Exemptions, 25 C. J., section 118; 3, 4. Life Insurance, 37 C. J., section 356; 5. Equity, 21 C. J., section 627; 6. Bankruptcy, 7 C. J., section 395; 7. Bankruptcy, 7 C. J., section 641.

---

FROM KNOX.

---

Appeal from the Chancery Court of Knox County.—
HON. ROBERT M. JONES, Judge.

CATE, SMITH, TATE & LONG, for complainant.

WEBB, BAKER & EGERTON and WILLIAMS & FRIERSON,
for defendant.

MR. JUSTICE McKINNEY delivered the opinion of the
Court.

By the original bill filed in this cause the trustee in
bankruptcy of S. R. Rambo seeks to recover, for credi-
tors, the cash surrender value of two life insurance pol-
icies which said Rambo effected upon his life, and in
which his wife, Mary Cordelia Rambo, was named as
beneficiary.

Upon demurrer the Chancellor dismissed the bill and
complainant has appealed.

(1) Section 6 of the Bankruptcy Act exempts from the
operation of the act all property exempt by State Law.
*Holden* v. *Stratton,* 198 U. S., 202, 49 L. Ed., 1018; *El-
ledge* v. *Sumpter,* 140 Tenn., 15.

(2) Statutes exempting life insurance should be lib-
erally construed. *Harvey* v. *Harrison,* 89 Tenn., 470;
*Rose* v. *Wortham,* 95 Tenn., 505, 31 A. L. R., 63.

(3) Our statutes upon the question here involved, as
set forth in Shannon's Annotated Code, are as follows:

Section 4030. "A life insurance effected by a husband
on his own life shall inure to the benefit of the widow and
next of kin, to be distributed as personal property, free
from the claims of his creditors."

Section 4231. "Any life insurance effected by a hus-
band on his own life shall, in case of his death, inure to

the benefit of his widow and children; and the money thence arising shall be divided between them according to the law of distributions, without being in any manner subject to the debts of the husband, whether by attachment, execution, or otherwise.''

The statute, as originally passed by the legislature, is in this language:

''That any husband may effect a life insurance on his own life, and the same shall in all cases inure to the benefit of his widow and heirs in the present rates of distribution, without being in any manner subject to the debts of said husband, whether by attachment, execution or otherwise.''

Section 3, Chapter 216, Acts of 1845-6.

The court in *Harvey* v. *Harrison, supra,* in construing this statute, in a case where the beneficiary named in the policy was the wife of the insured, said:

''If the insurance had been made payable to Harrison's estate, and had so continued, the creditors could not have touched it before or after death.''

The court then proceeded, *arguendo,* to show that the result would necessarily be the same where the policy was payable to the wife, and said:

''The primary purpose of the Act was to exempt life insurance from the claims of creditors, and this is expressed in emphatic and conclusive language. The secondary purpose was to provide for the disposition of this fund. The words inserted for this subordinate intent, dissimilar from the primary object of the Act, will not restrict the scope of the Act in its main intent. The purpose of the enactment is clear, and this must guide in its application. It was to enable a husband or father to provide a fund after his death for his family. Whether the contract be in his own name, or for his wife and chil-

dren, or in the name of the wife alone, can make no difference to creditors, for the same amount can be withdrawn from them in premiums under either form of contract, and the manner of distribution does not concern them.''

In *White* v. *Bickford,* 146 Tenn., 613, the court cited approvingly *Harvey* v. *Harrison, supra,* and said:

''Not only does the statute manifest a purpose to exempt the husband's life insurance from the claims of creditors and to preserve the same for the widow or next of kin, but also the purpose to enable a husband or father to provide a fund during his lifetime which after his death his family may have.''

It is said that the foregoing statements in *Harvey* v. *Harrison* were *obiter* since the question of the right of creditors to appropriate the cash surrender value, in the lifetime of the insured, was not involved. It was necessary for the court to construe the statute, hence the *obiter* was not inconsiderately uttered, and what the court said was not inconsequent to the considerations there involved. In any event, we think the plain unequivocal language of the statute admits of no other construction.

It is conceded that where a husband effects a policy of insurance upon his life and dies the proceeds cannot be appropriated by his creditors regardless of whether the policy is payable to his estate, to his widow or to his widow and children; but it is insisted that it is not exempt until the death of the insured. Such, in our opinion, was not the intention of the legislature.

As pointed out above, the statute expressly provides, in conclusive language, that insurance effected by a husband upon his life shall not be subject to his debts. The fact that the statute names his widow and children as distributees in no sense supports the insistence that the

policy becomes exempt from creditors only upon the death of the insured. The statute does not so provide, and to give it that construction would destroy the very purpose the legislature had in mind in its enactment, viz.: to enable a husband and father to provide a fund in his lifetime which, upon his death, would go to his widow and children, so that they would not become public dependents. If creditors could impound and appropriate the insurance the day before the death of the insured the object of the statute would fail.

(4) As was said in *Dreyfus v. Barton*, 98 Miss. 768, "the cash surrender value of the policy is just as much 'proceeds' of the policy, within the meaning of the statute, as would be the full amount after the death of the insured." And, as was pointed out in *Murphy v. Casey*, 150 Minn., 109, to grant such relief would result in the destruction of the policy and deprive beneficiaries of the protection the legislature intended to secure to them.

Counsel for the trustee have cited no authority in support of the distinction sought to be made, viz.: that the policy is not exempt until the death of the insured. Upon the other hand, it is generally held that where the proceeds of an insurance policy are exempt, the surrender value of the policy is also exempt. 25 C. J., 72; *In re Morse*, 206 Fed., 350; *In re Orear*, 189 Fed., 888; *In re Plaffinger*, 164 Fed., 526; *Murphy v. Casey, supra; Dreyfus v. Barton, supra.*

The foregoing cases support the conclusions announced hereinabove.

It follows that the decree of the Chancellor dismissing the original bill will be affirmed.

(5) Mary Cordelia Rambo, wife of S. R. Rambo, was made a defendant to the original bill. She answered the bill denying that complainant was entitled to the surrender value of the policies, exhibited with the bill, but

averred that she was entitled to said policies. She also filed a cross-bill in which she alleged that her husband had procured a number of other policies to be issued upon his life, some of which were payable to her, and others to his estate; that said trustee had wrongfully collected the surrender value on some of said policies and dividends on others, and sought a decree against the trustee for the sums so collected.

Later, by leave of the court, she amended her cross-bill so as to charge as follows:

"At the time of the filing of the answer and cross-bill of cross-complainant, Mary Cordelia Rambo, the said Samuel R. Rambo, bankrupt, was absent from the State of Tennessee and his whereabouts were unknown to cross-complainant and, therefore, she could make no allegation as to his attitude in this litigation; cross-complainant now shows to the Honorable Court, since the filing of the said cross-bill, that the said Samuel R. Rambo has returned to Knoxville and is here within the jurisdiction of the court, and the said Samuel R. Rambo assents to the collection by cross-complainant, Mary Cordelia Rambo, the cash surrender values on all the policies involved in this litigation and waives any right that he may have to the same and authorizes and directs the insurance companies, and the defendant, C. E. Dawson, Trustee, to pay over any funds that they, or he, may be holding as the proceeds of said policies, or any of them, either as a cash surrender value or otherwise, to the said Mary Cordelia Rambo for the benefit of herself and her children."

The cross-bill, as amended, was demurred to on several grounds.

It is said that Mrs. Rambo has no such interest in the policies as would enable her to prosecute the suit. In our opinion, that question was eliminated by the amend-

ment to the cross-bill. We further hold that since the insured has assigned these policies to his wife their children are not necessary parties.

(6) It is also insisted by demurrant that the matters set forth in the original and cross-bill relate to separate and independent matters. But the subject-matter and the parties are the same, and no satisfactory reason is suggested as to why the matters should not be settled in one suit.

(7) Finally, it is said that the cross-complainant cannot prosecute her suit in the State Court without the consent or permission of the Bankruptcy Court.

The Bankruptcy Court authorized the trustee to file the original bill for the express purpose of adjudicating the very question raised by the cross-bill. A cause of this character, however, may be prosecuted in a State Court. *Bardes* v. *First National Bank of Hawarden,* 177 U. S., 521, 44 L. Ed., 1075.

(8) Title to exempt property never passes to the trustee. *Lockwood* v. *Exchange Bank,* 190 U. S., 294, 47 L. Ed., 1061.

A conversion of exempt property by the trustee renders him personally liable. Remington on Bankruptcy, Sections 1272, 2332.

(9) We do not mean to assert that, under the decree of the State Court, the fund could be taken from the possession of the Bankruptcy Court. Application for the fund will have to be made to the latter court, if not voluntarily paid, but that court usually gives effect to the decree of the State Court in such matters.

Finding no error in the decree of the Chancellor it will be affirmed, and the cause remanded to be further proceeded with.