BESSIE LUNSFORD *et al.*, COMPLAINANTS, APPELLANTS, *v.*
NASHVILLE SAVINGS & LOAN CORPORATION, DEFENDANT,
APPELLEE.

(*Nashville*, December Term, 1930.)

Opinion filed February 21, 1931.

Wm. Martin and Chas. A. Embry, for complainants, appellants.

Hume & Armistead, for defendant, appellee.

Mr. Justice McKinney delivered the opinion of the Court.

This is a contest as to the proceeds of a life insurance policy issued on July 1, 1925, by the Prudential Insurance Company on the life of W. T. Lunsford, in the sum of $3,000. The policy contained the usual provision as to the right of the insured to change beneficiaries.

When the policy was issued the wife of insured, Bessie Lunsford, was named as beneficiary. On September 25, 1925, the insured had the policy changed so as to make his mother, complainant, Adela Lunsford, beneficiary. On July 12, 1926, the insured had the company to substitute defendant as beneficiary in the place and stead of his mother.

The insured died on April 24, 1930, indebted to defendant in a sum in excess of $3,000. The insurance company

paid the amount of the policy to defendant, and the wife and mother of the insured filed the bill herein to recover from defendant the proceeds of said policy. Both complainants are dependents of the insured.

The chancellor heard the cause upon a stipulation of facts and dismissed the bill.

The determinative question necessitates the construction of chapter 113, Public Acts of 1925. The complainants insist that where a person effects insurance on his life for the benefit of his dependent relatives he cannot thereafter substitute another beneficiary, even though such right is provided in the policy, and thereby deprive them of the proceeds of the policy upon the death of the insured. The act in question is as follows:

"AN ACT entitled an Act exempting in certain cases the proceeds of Life Insurance Policies or Annuities from the Claims of Creditors.

"SECTION I. *Be it enacted by the General Assembly of the State of Tennessee,* That the net amount payable under any policy of life insurance or under any annuity contract upon the life of any person heretofore or hereafter made for the benefit of, or assigned to, the wife or children, or dependent relatives of such persons, shall be exempt from all claims of the creditors of such person arising out of or based upon any obligation created after the passage of this Act, whether or not the right to change the named beneficiary is reserved by or permitted to such person.

"SECTION 2. *Be it further enacted,* That this Act take effect from and after its passage, the public welfare requiring it."

We think the purpose of the act is expressed in the caption, namely: to exempt proceeds of life insurance policies from creditors. The legislature was dealing with

the right of creditors to appropriate life insurance and not with the power of the insurer and the insured to contract with respect thereto. Nor was the lawmaking body undertaking to clothe dependents with any vested interest in the policy or its proceeds.

The act does not expressly prohibit the making of such a contract; an agreement of this character is not against public policy but is universally approved and upheld by the courts. The right to change beneficiaries is an important feature in life insurance; a custom that has been followed since time immemorial; and, in the absence of an express declaration, we are unwilling to read into the statute, by implication, a provision prohibiting parties from entering into a contract of this character. We are of the opinion, furthermore, that such was not the purpose of the legislature. At the time the statute in question was enacted there was some doubt as to whether the creditors of an insured could appropriate the cash surrender value of a policy; that is, whether it was exempt from creditors, and, most likely, the statute was passed to remove any doubt as to that matter.

This court, in *Dawson* v. *National Life Ins. Co.,* 156 Tenn., 306, held that such surrender value was exempt. The decision in that case was rendered in December, 1927. Our attention was not called to the Act of 1925, and it was not referred to in the opinion. According to our recollection, Rambo became a bankrupt in the spring of 1924, so that the rights of the parties had become fixed before this act was passed. Counsel, in argument, stated that *Dawson* v. *National Life Ins. Co., supra,* was in conflict with the decisions of the Supreme Court of the United States in *Cohen* v. *Samuels,* 245 U. S., 50, and *Chase National Bank* v. *United States,* 278 U. S., 327.

This is incorrect. In the former case the question of exemption was not involved; in the latter the court held that proceeds of life insurance policies should be included in computing the Federal estate or succession tax. On the other hand, in *Holden* v. *Stratton*, 198 U. S., 202, it was expressly held that the trustee in bankruptcy was not entitled to the cash surrender value when it was exempt under the laws of the State where the bankrupt was domiciled.

The decree of the chancellor is correct and will be affirmed.