Strader *v.* Aetna Life Ins. Co.

(*Knoxville*, September, 1943.)

Opinion fiiled June 11, 1944.

W. O. Lowe, of Knoxville, for complainant.

Kennerly & Key, of Knoxville, for defendant.

446

Mr. Chief Justice Green delivered the opinion of the Court.

This suit was brought by Strader to recover two monthly payments of disability benefits to which he claimed to be entitled, under policies issued by defendant Insurance Company, which defendant had refused to pay. Defendant answered denying any indebtedness and filed a cross bill against Strader in which it was alleged that Strader had misstated his age in his application for the insurance policies. The policies were issued in 1926, and in 1928 defendant approved complainant's claim for total and permanent disability benefits and paid him the same until the monthly payments in controversy became due.

In the cross bill the Insurance Company averred that Strader had given the date of his birth as in 1874; that the Insurance Company had recently learned that Strader was born in 1872; and that the policies provided that if the age of insured had been misstated the amount payable would be such an amount as the premium paid would have purchased at the Company's established rate for the correct age.

There were two policies of insurance issued to Strader, one in the amount of $3,000 and the other in the amount of $2,000. For total permanent disability his monthly indemnity was $10 on the $1,000. Strader had been paid at the rate of $50 per month. Had he given his correct age, the premium paid by him would have purchased only $4,544 of insurance and he would have been entitled to a disability benefit of $45.44 per month. Accordingly the Insurance Company charged that it had overpaid Strader on disability benefits $4.56 per month for 176 months, or a total of $802.56.

The Insurance Company sought a decree against Strader for $802.56 with interest from the respective dates of the overpayments, and also sought to have such indebtedness declared a lien on the two policies with the right to petitioner to retain the monthly income previously accrued and thereafter accruing until said indebtedness and interest had been paid in full. The cross bill also asked for a reformation of the policies.

Strader answered and denied any misstatement of his age in the application for insurance, and insisted that his age had been correctly given and was as stated, and denied generally the allegations of the cross bill.

The chancellor found that the Insurance Company had failed to establish its charges by a preponderance of the evidence, dismissed the cross bill, and rendered a decree in favor of Strader upon the original bill.

The Court of Appeals reversed the decree of the chancellor, finding that the Insurance Company had established by the weight of the proof the charges in its cross bill and that Strader was born in 1872 instead of 1874. The Court of Appeals thereupon rendered a decree reforming the policies to make the aggregate $4,544 instead of $5,000 and allowed a recovery in favor of the Insurance Company of so much of the overpayment as had been made up to the effective date of Chapter 287 of the Public Acts of 1937, which statute exempted such payments made by any insurer under a contract of accident, health or disability insurance. The court said since the amount of overpayment made before the Act of 1937 exceeded the amount sued for by Strader it was not necessary for it to rule on the Insurance Company's right to set off the overpayment made after the Act of 1937 was passed against disability benefits accruing.

Both parties filed petitions for *certiorari* which this Court granted and the case has been fully argued before us.

The opinion of the Court of Appeals contains a very full and satisfactory discussion of the proof and we agree with that court that the weight of the evidence sustains the contention of the Insurance Company that Strader was born in 1872 rather than 1874. We could add little to the consideration of the facts by the Court of Appeals and it is not necessary to encumber this opinion with such a review.

We think the right of the Insurance Company to off-set the sum of these overpayments made prior to the Act of 1937 against disability benefits accrued or accruing is clear. It was held by the Court of Appeals in an opinion by Judge Faw that disability benefits were not exempt from seizure for the debts of the insured in *Cravens* v. *Robbins*, 8 Tenn. App., 435. The same conclusion was reached by the Supreme Court of the United States in a Tennessee case, *Legg* v. *St. John*, 296 U. S., 489, 297 U. S., 695, 56 S. Ct., 336, 80 L. Ed., 345. Both these cases arose prior to the Act of 1937. Possibly this Act was passed to meet these decisions.

Section 1 of Chapter 287 of the Public Acts of 1937 is as follows:

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, That there shall be exempt from the claims of all creditors, and from execution, attachment, or garnishment, any sum or sums of money which may hereafter become due and payable to any person, who is a resident and citizen of the State of Tennessee, from any insurance company or other insurer, under the terms and provisions of any contracts of accident, health, or disability insurance insuring the assured

against loss by reason of accidental personal injuries, or insuring said assured against loss by reason of physical disability resulting from disease.''

Section 2 provides that any such sums that may be due on the death of the insured shall be exempt, and section 3 of the Act is in these words:

''Sec. 3. Be it further enacted, That, as regards those cases where disability may have begun pryor [prior] to the passage of this Act, the exemptions granted in the foregoing Sections 1 and 2 shall apply to installment payments under such contract or contracts of insurance which may become due and payable for such weekly, monthly or other installment term (as determined by the contract of insurance) as may have commenced on or after the effective date of this Act.''

It is said for the Insurance Company that if the Act be construed so as to exempt any part of the disability payments from its claim against Strader, such construction would render the Act invalid, as in violation of the contract clauses of the State and Federal Constitutions. We do not think this is true. The rule is that ''such property as was subject to execution at the time the debt was contracted must remain subject to execution, or sale by other process, until the debt is paid.'' *Hannum* v. *McInturf*, 65 Tenn., 225; *Hair* v. *Ramsey*, 165 Tenn., 149, 53 S. W. (2d), 381; *Crook* v. *H. L. Brooks Co.*, 174 Tenn., 194, 124 S. W. (2d), 259.

The Insurance Company is here suing on several implied promises of Strader to repay these overpayments made to him over a number of years. The Act of 1937 frees disability benefits from liability for the satisfaction of contracts made or implied after its passage. We are of opinion, therefore, that the Insurance Company cannot subject disability benefits accruing to Strader to any part

of its claim for overpayments made after May 21, 1937, the effective date of Chapter 287 of the Acts of that year. This portion of Strader's debt was incurred after the statute.

It is insisted by the Insurance Company that such a ruling gives no effect to the provision of the policies that "any indebtedness to the Company on account of or secured by this policy shall be deducted from any settlement hereunder."

We think the indebtedness to the Insurance Company accruing on account of these overpayments cannot be properly described as indebtedness "on account of or secured by this policy." The overpayments were not made on account of the policies but on account of Strader's misstatement. The policies are not the basis of the cross bill but the cross bill seeks a recovery on Strader's implied promise to return money paid him by mistake which he is not entitled to retain.

In *John Bouchard & Sons Co.* v. *Nashville Protestant Hospital*, 177 Tenn., 151, at page 157, 146 S. W. (2d), 956, at page 959, this Court said that, "The weight of authority is that an independent indebtedness is not embraced within the general provision of the policy authorizing a deduction of any indebtedness to the company." The policy there provided for deduction of "any indebtedness to the company under this policy." The Court suggested that this might refer to a policy loan or a premium loan and we might add it would refer to a premium due. We see no particular difference between an indebtedness arising *under a policy* and an indebtedness arising on *account of a policy* and we think this claim of the Insurance Company against Strader for money had and received is not covered by the clause of the policies

here relied on. In the *Bouchard Case* the Court refused to permit the Insurance Company to set off its claim on the Hospital's bonds owned by the company against the amount due on a life insurance policy issued by it in which the hospital asserted an interest. The Court also held in that case that the proceeds of the policy upon insured's death went to his widow intact under Code, sec. 8456.

The Insurance Company complains that the Court of Appeals did not allow interest on each overpayment from the date it was made, relying on Code, sec. 7305, as follows:

"All bonds, notes, bills of exchange, and liquidated and settled accounts, signed by the debtor, shall bear interest from the time they become due, unless it is expressed that interest is not to accrue until a specific time therein mentioned."

This statute refers to written contracts signed by the debtor and as before observed the cross bill here seeks recovery on implied contracts to which the statute has no application.

If we construe the provision of the policies for deduction of indebtedness "on account of" the same more broadly and say that Strader's indebtedness did arise by reason of the policies or because of the policies, our conclusion is not different. Strader's indebtedness does not come from any single contract. It was incurred by several implied contracts. The most that can be said is that the implied contracts arose by reason of the policies or because of the policies. Such of these contracts as were implied after the Act of 1937 are not protected by the contract clause of the Federal Constitution or of the State Constitution and the exemption statute controls.

The result of the whole case is that we affirm the decree of the Court of Appeals as far as it goes but we go somewhat further and hold that the disability benefits accruing to Strader cannot be subjected to any portion of the insured's claim that arose by reason of the overpayments after the Act of 1937. Of course under the facts the Insurance Company is entitled to a judgment against Strader for the full amount of these overpayments. The cash surrender value and the sums due on the death of the insured are protected by section 8456 of the Code. *Dawson* v. *National Life Ins. Co.*, 156 Tenn., 306, 300 S. W., 567, and *John Bouchard & Sons Co.* v. *Nashville Protestant Hospital, supra.*

The costs of the cause will be divided.

CHAMBLISS, NEIL, PREWITT, and GAILOR, JJ., concur.