**In re Marion THURMAN, Debtor.**

**Bankruptcy No. 390–00427.**

United States Bankruptcy Court, M.D. Tennessee.

Oct. 26, 1990.

C. Bennett Harrison, Jr., Cornelius & Collins, Nashville, Tenn., for the debtor.

Randal S. Mashburn, Heiskell, Donelson, Bearman, Williams & Kirsch, Nashville, Tenn., for William Lamar Newport, Trustee.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The issue is whether Tennessee law permits an exemption in the cash surrender value of an insurance policy on the life of the debtor where the beneficiary is the debtor's sole proprietorship. The debtor may not exempt the insurance policy.

## I.

In 1979, Marion Thurman Builder, a sole proprietorship, purchased an insurance policy on the life of Marion Thurman, naming

"Marion Thurman Builder" as the beneficiary.

Marion Thurman became a Chapter 7 debtor in 1990. The debtor asserts an exemption in the now substantial cash surrender value of the life insurance policy. The Chapter 7 trustee objects arguing there is no exemption under Tennessee law during the life of an insured in a policy payable to the insured's business.

## II.

Whether a Tennessee debtor may exempt the cash surrender value of a life insurance policy is controlled by TENN.CODE ANN. § 56–7–203:

> The net amount payable under any policy of life insurance or under any annuity contract upon the life of any person *made for the benefit of, or assigned to, the wife and/or children, or dependent relatives of such persons*, shall be exempt from all claims of the creditors of such person arising out of or based upon any obligation created after January 1, 1932, whether or not the right to change the named beneficiary is reserved by or permitted to such person.

TENN.CODE ANN. § 56–7–203 (1989) (emphasis added).

The predecessor of TENN.CODE ANN. § 56–7–203 was enacted in 1925 to exempt the cash surrender value of some life insurance policies from the claims of creditors. *Lunsford v. Nashville Sav. & Loan Corp.*, 162 Tenn. 179, 35 S.W.2d 395 (Tenn.1931). In *Lunsford*, the Tennessee Supreme Court stated: "At the time the statute in question was enacted, there was some doubt as to whether the creditors of an insured could appropriate the cash surrender value of a policy ... most likely, the statute was passed to remove any doubt as to that matter." The limited extent of the exemption in § 56–7–203 was acknowledged by the Tennessee Supreme Court in *Sparkman–Thompson, Inc. v. Chandler*, 162 Tenn. 614, 39 S.W.2d 741 (Tenn.1931):

> [I]t would be a perversion of the statutory intent, clearly expressed, to construe the statutes cited as exempting this class of property from the claims of creditors, in favor of all persons who may have an interest therein by virtue of the

will of the insured, *when the statutes expressly limit the exemption to the widow, children, and dependent relatives* (emphasis added).

Marion Thurman Builder, a sole proprietorship, the beneficiary of this life insurance policy, is not the wife, child or dependent relative of the insured. The cash surrender value of the policy is not exempt.

## III.

The debtor argues that TENN.CODE ANN. § 56–7–201 is controlling. TENN. CODE ANN. § 56–7–201 provides:

> Any life insurance affected by a husband or wife on his or her own life shall, in case of his or her death, inure to the benefit of the surviving spouse and children, and the money thence arising shall be divided between them according to the statutes of distribution, without being in any manner subject to the debts of the decedent. Provided, however, that the proceeds of such insurance payable to a testate estate shall pass, as part of the estate and under the dispositive provisions of the will, as ordinary cash, whether or not the will uses any apt or express words referring to the insurance proceeds, but such proceeds shall not be subject to the debts of the decedent unless specifically charged therewith in the will.

TENN.CODE ANN. § 56–7–201 (1989).

Prior to the 1925 enactment of the predecessor of § 56–7–203, the predecessor of § 56–7–201 had been read to exempt the cash surrender value of life insurance policies under some circumstances. *In re Stansell*, 8 F.2d 363 (W.D.Tenn.1925). *See also Harvey v. Harrison*, 89 Tenn. 470, 14 S.W. 1083 (Tenn.1891). However, there was conflicting case law of equal dignity reaching exactly the opposite conclusion. *In re Moore*, 173 F. 679 (E.D.Tenn.1909). In 1925, the Tennessee legislature enacted the predecessor to § 56–7–203 to provide specifically for a limited exemption in the cash surrender value of life insurance. Since 1925, with the exception of *Dawson*, discussed below, the Tennessee courts have looked to § 56–7–203 not § 56–7–201 to determine the exemption of the cash surrender value of an insurance policy. *See, e.g.,*

*Overman v. Overman,* 570 S.W.2d 857 (Tenn.1978).

The debtor primarily relies upon *Dawson v. National Life Ins. Co.,* 156 Tenn. 306, 300 S.W. 567 (Tenn.1927) to support the argument that § 56–7–201 applies. *Dawson* was decided after the enactment of (the predecessor of) § 56–7–203, but the *Dawson* court applied (the predecessor of) § 56–7–201 to determine whether the cash surrender value of an insurance policy was exempt. However, four years after *Dawson,* the Tennessee Supreme Court admitted in *Lunsford v. Nashville Sav. & Loan Corp.,* 162 Tenn. 179, 35 S.W.2d 395 (Tenn. 1931) that their "attention was not called to the Act of 1925, and it was not referred to in the [*Dawson*] opinion." *Dawson* is not persuasive of the debtor's position.

An appropriate order will be entered.

## ORDER

For the reasons stated in the memorandum filed contemporaneously herewith, IT IS ORDERED, ADJUDGED and DECREED that the debtor may not exempt the insurance policy.

IT IS SO ORDERED.