IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
_____

**MCNAIRY COUNTY, TENNESSEE,**

     Plaintiff-Appellee,

Vs.

**JOHN SELLERS,**

     Defendant-Appellant.

McNairy Circuit No. 4624
C.A. No. 02A01-9808-CV-00234

**FILED**

**February 12, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

FROM THE MCNAIRY COUNTY CIRCUIT COURT
THE HONORABLE JON KERRY BLACKWOOD, JUDGE


Stephen Craig Kennedy; Deusner & Kennedy of Selmer
For Appellee

John Sellers, Pro Se


*AFFIRMED AND REMANDED*

Opinion filed:


**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**


**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**HOLLY KIRBY LILLARD, JUDGE**

     This case concerns a controversy over solid waste collection fees. Defendant-Appellant,

John Sellers, appeals from the order of the trial court granting summary judgment to Plaintiff-

Appellee, McNairy County, Tennessee.

In June of 1996, the McNairy County Commission implemented a door-to-door collection of solid waste for rural McNairy County residents. In order to carry out this service, the McNairy County Commission entered into a contract with a private company for the weekly pickup of the solid waste. The McNairy County Commission assessed a monthly fee of $7.50 per household for this service.

Mr. Sellers is a resident of McNairy County, Tennessee and is subject to the monthly collection fee. Since the inception of the garbage collection service, Mr. Sellers has failed or refused to pay the monthly collection fee. As of May 21, 1998, Mr. Sellers was indebted to McNairy County for the total sum of $334.82.

On March 9, 1998, McNairy County filed a civil warrant in the McNairy County General Sessions Court against Mr. Sellers seeking to recover past due solid waste collection fees plus late charges and the cost of the proceedings. On April 24, 1998, the general sessions judge entered a judgment in favor of McNairy County against Mr. Sellers in the amount of $334.82.

Mr. Sellers filed an appeal to the McNairy County Circuit Court for a trial *de novo*. On May 21, 1998, McNairy County filed a motion for summary judgment. On July 2, 1998, the trial court entered an order granting summary judgment to McNairy County.

Mr. Sellers has appealed, and the only issue on appeal is whether the trial court erred in granting summary judgment to McNairy County.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely

2

> upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 211 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. ***Carvell v. Bottoms***, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. ***Bain***, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is ***de novo*** on the record before this Court. ***Warren v. Estate of Kirk***, 954 S.W.2d 722, 723 (Tenn. 1997).

The Tennessee Legislature has enacted several statutory provisions pertaining to solid waste disposal and collection. Solid waste disposal is addressed in Chapter 211 of Title 68 of the Tennessee Code. Specifically, Tenn. Code Ann. § 68-211-835(g)(1) (1996) provides:

> In addition to any power authorized by title 5, a county, municipality or solid waste authority is authorized to impose and collect a solid waste disposal fee. Funds generated from such fees may only be used to establish and maintain solid waste collection and disposal services, including, but not limited to, convenience centers. All residents of the county shall have access to these services. The amount of the fee shall bear a reasonable relationship to the cost of providing the solid waste disposal services. Such fees shall be segregated from the general fund and shall be used only for the purposes for which they were collected.

Furthermore, Chapter 19 of Title 5 of the Tennessee Code pertains to "garbage and rubbish collection and disposal services." Tenn. Code Ann. § 5-19-107 (1998) provides:

> **Powers of counties.** -- The several counties are empowered to do all things necessary to provide such county-wide or special district garbage and rubbish collection and/or garbage and rubbish disposal service, including, but not limited to:
>
>   *      *      *
>
> (11) Establish schedules of, and collect reasonable charges for, any services rendered in any district or area which are not covered by the special tax levy authorized in § 5-19-108 or §5-19-109 for garbage and rubbish collection and/or disposal in that district or area;

Tenn. Code Ann. § 5-19-108 (1998) provides:

> Such garbage and rubbish collection and disposal services may be financed in whole or in part by a levy of a tax on all property in the county only if all persons in the county are to be equally served, but such a county-wide levy shall be unlawful if any city, town or special district therein, which, through its own forces or by contract, provides such services within its boundaries, or if any other part of the county is to be excluded from the service area.

Tenn. Code Ann. § 5-19-109(a) and (b)(1)-(3) (1998) provides:

3

(a) If less than all persons in the county are to be served, the county, if it chooses to enter into garbage and rubbish collection and disposal activities, must establish a district or districts within which the service is to be provided.

(b) Such county must pay the full costs of the services to be provided either:

(1) From the proceeds of a tax levied only on property within the district or districts;

(2) From the proceeds of a schedule of service charges levied upon the recipients of the services in the district or districts; or

(3) From a combination of both such tax levy and service charge levy.

After consideration of the foregoing statutory provisions and other related provisions, this Court in *Horton v. Carroll County*, 968 S.W.2d 841 (Tenn. App. 1997) concluded that the legislature intended, through the relevant statutory enactments, that a county "may legally impose a monthly fee on all its rural residents for solid waste disposal services regardless of whether the services are actually utilized." *Id.* at 846. The decision in *Horton* is controlling on the issue before us.

In light of the foregoing, we conclude that the trial court properly granted summary judgment to McNairy County. Thus, McNairy County may legally impose the monthly solid waste collection fee on its rural residents, including Mr. Sellers, regardless of whether the collection services are utilized by such residents.

Accordingly, the order of the trial court is affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary. Costs of appeal are assessed against the Appellant.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**HOLLY KIRBY LILLARD, JUDGE**

4