### CITY OF BOLIVAR, et al.

v.

### Clarence GOODRUM, Jr.

Court of Appeals of Tennessee, Western Section, at Jackson.

Oct. 13, 2000.

Permission to Appeal Denied by Supreme Court April 23, 2001.

Clarence Goodrum, Jr., pro se.

Charles M. Cary, Bolivar, for appellee, City of Bolivar, et al.

## OPINION

CRAWFORD, P.J., W.S., delivered the opinion of the court, in which HIGHERS and FARMER, JJ., joined.

The city and county filed suit in chancery court against landowner to collect delinquent fees due for solid waste disposal assessed pursuant to authority granted by T.C.A. § 68–211–835(g). The chancery court entered judgment against landowner for the amount of delinquent fees and pursuant to T.C.A. § 68–211–835(g)(4) impressed a lien on the landowner's property. Landowner has appealed.

Defendant/Appellant, Clarence Goodrum, Jr., appeals the final decree of the Hardeman County Chancery Court awarding a money judgment and lien in favor of the City of Bolivar, Tennessee and Hardeman County, Tennessee.

Pursuant to T.C.A. § 68–211–835(g) the City of Bolivar and Hardeman County instituted a solid waste disposal fee of $6.00 per month to be paid by each individual resident of Hardeman County. The fee is included on the residents' utility bill. The revenue generated by the fee is utilized solely for the operation of the landfill located in Hardeman County, which is owned by the City of Bolivar and Hardeman County.

Mr. Goodrum is a resident of Hardeman County, Tennessee, and is subject to the monthly solid waste disposal fee. Mr. Goodrum has failed or refused to pay the monthly disposal fee. As of March 1998, Mr. Goodrum was indebted to the City of Bolivar and Hardeman County for the total sum of $586.49.

On April 8, 1998 the City of Bolivar and Hardeman County filed a complaint[1] for the collection of delinquent solid waste disposal fees. On May 11, 1998, Mr. Goodrum filed his answer denying that he owed anything to the City of Bolivar and Hardeman County. A nonjury trial was held on August 31, 1999, and on September 3, 1999, the court entered its final decree awarding judgment for the City of Bolivar and Hardeman County against Mr. Goodrum in the amount of $586.49 for delinquent solid waste disposal fees. The decree also granted a lien against Mr. Goodrum's real property located in Hardeman County. On September 30, 1999, Mr. Goodrum filed a "Motion to Reconsider," which was denied on November 23, 1999.

Mr. Goodrum has appealed, and raises what we perceive to be three issues for review: 1) whether the trial court had jurisdiction over this cause of action; 2)whether the trial court denied Mr. Goodrum due process of law in the proceedings below; 3) whether the trial court erred in granting judgment in favor of the City of Bolivar and Hardeman County.

The first two issues will be considered together.

T.C.A. § 16–11–102 (1994) provides:

(a) The chancery court has concurrent jurisdiction, with the circuit court, of all civil causes of action, triable in the circuit court, except for unliquidated damages for injuries to person or character, and except for unliquidated damages for injuries to property not resulting from a breach of oral or written contract; and no demurrer for want of jurisdiction of the cause of action shall be sustained in the chancery court, except in the cases excepted.

(b) Any suit in the nature of the cases excepted above brought in the chancery court, where objection has not been taken by a plea to the jurisdiction, may be transferred to the circuit court of the county, or heard and determined by the chancery court upon the principles of a court of law.

■ As noted in the final decree, the complaint was filed on April 8, 1998, and Mr. Goodrum was personally served with process on April 11, 1998. On May 11, 1998, Mr. Goodrum filed his answer averring that he had not entered into a contract or engaged in any enterprise that would create an indebtedness to the City of Bolivar or to Hardeman County. On June 3, 1999, Mr. Goodrum was notified by the clerk and master:

> Please take notice that a hearing will be held at the Courthouse in Bolivar, Tn. on August 25, 1999, at 9:30 A.M. on the complaint to collect landfill dues and the answer filed by you May 11, 1998. Please be present and ready to hear this matter.

■ The Chancery Court of Hardeman County was a proper forum for this action against Mr. Goodrum for the delinquent solid waste disposal fee authorized by T.C.A. § 68–211–835. In addition, Mr. Goodrum was served with process, filed a responsive pleading and appeared at the hearing. We find that both his argument that Hardeman County Chancery Court lacked jurisdiction and his claim that he

---

1. The complaint against Mr. Goodrum is styled *"City of Bolivar, Tennessee, and Hardeman County, Tennessee, Plaintiffs, v. Ricky Anderson, ET AL.* (whose names appear in Exhibit 'A' to this Complaint, being all delinquent landfill dues certified herein as of January 1998, Defendants.") Exhibit "A" to the complaint is a list of Hardeman County residents who allegedly have failed or neglected to pay the solid waste disposal fee, and includes the amount owed by each defendant. According to the final judgment, default judgments and/or orders of dismissal were entered as to all other defendants in this action.

was denied due process of law are without merit.

We will now consider appellant's third issue.

Since this case was tried by the trial court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. Tenn.R.App.P. 13(d).

T.C.A. § 68–211–835 (Supp.1999) provides in pertinent part:

(g)(1) In addition to any power authorized by title 5, a county, municipality or solid waste authority is authorized to impose and collect a solid waste disposal fee. Funds generated from such fees may only be used to establish and maintain solid waste collection and disposal services, including, but not limited to, convenience centers. All residents of the county shall have access to these services. The amount of the fee shall bear a reasonable relationship to the cost of providing the solid waste disposal services. Such fees shall be segregated from the general fund and shall be used only for the purposes for which they were collected.

\* \* \* \* \*

(4) In any county having a population of not less than nineteen thousand three hundred (19,300) nor more than nineteen thousand six hundred (19,600) or not less than twenty-two thousand two hundred (22,200) nor more than twenty-two thousand five hundred (22,500) or not less than twenty-three thousand three hundred (23,300) nor more than twenty-three thousand four hundred (23,400) according to the 1990 federal census or any subsequent federal census, the solid waste disposal fee authorized by this subsection shall be subject to the same penalty and interest as delinquent property taxes if not paid within thirty (30) days after notice of such fee is mailed. The unpaid fees, penalty, interest and cost shall be a lien on the real estate and improvements thereon upon filing of a notice with the office of the register of deeds of the county in which the property lies. Such lien shall be in favor of the jurisdiction, second only to liens of the state, county and municipality for taxes, any lien of the municipality for special assessments, and any valid lien, right or interest in such property duly recorded or duly perfected by filing, prior to the filing of such notice. The notice shall identify the debtor, owner of record of the real property, contain the property address, describe the property sufficiently to identify it and recite the amount of the obligation secured by the lien. No sale or transfer, including, but not limited to, a transfer to an heir-at-law, assignee or legatee of such real property may be legally closed and recorded until the lien has been satisfied. The same shall apply if the property is to be made the subject of a contract of sale. Upon the sale or transfer of the real property, the successor, successors or assigns shall be required to withhold a sufficient amount of the purchase money to cover the amount of the fees, interest, penalty and cost. The jurisdiction may collect the delinquent fees, penalty, interest and cost through an action for debt filed in any court of competent jurisdiction.

In addition, T.C.A. § 5–19–107 (1998) pertaining to "garbage and rubbish collection and disposal services" provides:

**Powers of counties.**—The several counties are empowered to do all things necessary to provide such county-wide or special district garbage and

rubbish collection and/or garbage and rubbish disposal service, including, but not limited to:

* * * * *

(11) Establish schedules of, and collect reasonable charges for, any services rendered in any district or area which are not covered by the special tax levy authorized in § 5–19–108 or § 5–19–109 for garbage and rubbish collection and/or disposal in that district or area;

T.C.A. § 5–19–108 (1998) provides:

**Tax levy.**—Such garbage and rubbish collection and disposal services may be financed in whole or in part by a levy of a tax on all property in the county only if all persons in the county are to be equally served, but such a county-wide levy shall be unlawful if any city, town or special district therein, which, through its own forces, or by contract, provides such services within its boundaries, or if any other part of the county is to be excluded from the services area.

T.C.A. § 5–19–109(a) and (b)(1)-(3) (1998) provides:

(a) If less than all persons in the county are to be served, the county, if it chooses to enter into garbage and rubbish collection and disposal activities, must establish a district or districts within which the service is to be provided.

(b) Such county must pay the full costs of the services to be provided either:

(1) From the proceeds of a tax levied only on property within the district or districts;

(2) From the proceeds of a schedule of service charges levied upon the recipients of the services in the district or districts; or

(3) From a combination of both such tax levy and service charge levy.

In *Horton v. Carroll County,* 968 S.W.2d 841 (Tenn.Ct.App.1997) this Court concluded that the legislative intent of the foregoing statutory provisions and other related provisions was that a county "may legally impose a monthly fee on all its rural residents for solid waste disposal services regardless of whether the services are actually utilized." *Id.* at 846.

In *McNairy County v. Sellers,* No. 02A01–9808–CV–00234, 1999 WL 65056 (Tenn.Ct.App. Feb.12, 1999), this Court again considered the authority of a county to impose fees pursuant to the statutes involved in *Horton v. Carroll County, supra,* and as set out above. We reiterated the holding in *Horton v. Carroll County, supra,* that such fees may be legally imposed on residents regardless of whether the services are actually utilized. The plaintiffs put on unrebutted proof that the fees were assessed against Mr. Goodrum, and that Mr. Goodrum failed or refused to pay the fees.

Accordingly, the final decree of the chancery court is affirmed, and the case is remanded to the chancery court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant, Clarence Goodrum, Jr., and his surety.