IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
JANUARY 25, 2001 Session

## CARROLL COUNTY SOLID WASTE AUTHORITY v. ODILLION COLLINS

**Direct Appeal from the Chancery and Circuit Courts for Carroll County
No. 95-CV-79 (Chancery) and No. 3220 (Circuit);  The Honorable Ron E. Harmon,
Chancellor and The Honorable Julian P. Guinn, Judge**

---

### No. W1998-00754-COA-R3-CV - Filed March 19, 2001

---

This case involves a dispute over issues surrounding Carroll County's imposition of a garbage collection fee on its residents.  The trial court granted summary judgment to Plaintiff, and the Defendant appeals.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Trial Court Affirmed in Part,
Reversed in Part and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S, and HOLLY KIRBY LILLARD, J., joined.

Odillion Collins, *pro se*

Robert T. Keeton, Jr., for Appellee

### MEMORANDUM OPINION[1]

This case involves a dispute over a fee imposed by Carroll County for garbage collection services.  The county imposes a fee of $6.50 per month on its residents, irrespective of whether they utilize the service.  The $6.50 monthly fee for garbage collection services is included in the electrical bills sent to county residents.  The case began in general sessions court in the style of Carroll County Solid Waste Authority v. Mrs. Frank Collins, at which a judgment was taken against Mrs. Collins

---

[1] Rule 10 (Court of Appeals). Memorandum Opinion. – (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "Memorandum Opinion," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

for $110.50. Thereafter, Mrs. Collins appealed to circuit court. The circuit court transferred the case to chancery court for inclusion and resolution with the case of Elree L. Horton, et al. v. Carroll County, et al.. The case was tried in chancery court, and the court ruled in favor of Carroll County. Upon order of the chancery court, a separate judgment was to be filed in circuit court as the appeal from general sessions court, disposing of the common issues between the two cases. The circuit court judge, however, invited the parties to submit additional memoranda within ten days.

Ms. Collins then filed a Motion to Accord Due Process and Dismiss Action, and Carroll County responded. The trial court then ordered an additional response from Carroll County. Ms. Collins thereafter filed an Answer to Plaintiff's Response and a Motion for Partial Summary Judgment. Carroll County responded and also filed a Motion for Summary Judgment. Ms. Collins did not file a response to Carroll County's Summary Judgment Motion. The trial court later notified the parties by letter that it was reserving ruling pending the appeal of Horton, et. al. v. Carroll County, et. al.. We affirmed the trial court in Horton, et. al. v. Carroll County, et. al., and the supreme court denied the Application for Permission to Appeal. Then, on June 10, 1998, summary judgment was granted by the trial court in favor of Carroll County. Ms. Collins then filed a Motion for New Trial or to Alter and Amend the Order, but the trial court denied the motion. Although Ms. Collins cites numerous issues on appeal, we believe they can be consolidated into four:

1. Whether Plaintiff could properly sue before the courts of Tennessee.
2. Whether Carroll County had a past due account in Defendant's name.
3. Whether the trial court erred in striking portions of the record on appeal.
4. Whether there were any material issues of fact existing that should have precluded summary judgment.

We will examine each issue in turn.

## Standard of Review

Summary judgment is appropriate if the movant demonstrates that no genuine issues of material fact exist and that he is entitled to a judgment as a matter of law. See TENN. R. CIV. P. 56.03. We must take the strongest view of the evidence in favor of the nonmoving party, allowing all reasonable inferences in her favor and discarding all countervailing evidence. See Shadrick v. Coker, 963 S.W.2d 726, 731 (Tenn. 1998) (citing Byrd v. Hall, 847 S.W.2d 208, 210-11 (Tenn. 1993)). Since our review concerns only questions of law, the trial court's judgment is not presumed correct, and our review is *de novo* on the record before this court. See Warren v. Estate of Kirk, 954 S.W.2d 722, 723 (Tenn. 1997); Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997).

## Law and Analysis

First, Appellant argues that the Plaintiff is not a legal entity and does not have the capacity to sue. We disagree. We dealt with this and other issues regarding the county's authority to impose the fee in Horton, et. al. v. Carroll County, et. al., 968 S.W.2d 841 (Tenn. Ct. App. 1997). There,

suit was also brought by the Carroll County Solid Waste Authority. Appellants there also contended that the County had failed to register with the Secretary of State when creating the Carroll County Solid Waste Authority. In Horton, we reviewed the applicable law and concluded that "the County has complied with existing Tennessee law in imposing the respective fee on Appellants." Upon review of the record, we also find here that Carroll County complied with the applicable law for imposing the fee on Appellant, and we also find that Plaintiff is a proper party before the court.

Next, Appellant argues that Plaintiff does not hold a past due account in her name. She contends that the bill was sent in the name of Frank Collins, which is her deceased husband. Apparently, Ms. Collins believes that she is not responsible for the bill. We note that Ms. Collins has left the electrical bill in the name of Frank Collins, and she has never requested that the billing be changed. Moreover, at trial, the judge stated that "I understand there's no issue raised here that Mrs. Collins does not live there. As a matter of fact, you've testified to the contrary, that both of you live there." There is no doubt that Ms. Collins resides at the residence in question where garbage pickup services were provided. Thus, we find that she is liable for the debt in question.

Next, Ms. Collins argues that the trial court erred when it excluded a letter and an affidavit from the record on appeal. The court ruled in post trial proceedings that the documents were not allowed under the rules and thus should not be included in the technical record. Rule 24(e) of the Tennessee Rules of Appellate Procedure states that "[a]ny differences regarding whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by the trial court . . . . Absent extraordinary circumstances, the determination of the trial court is conclusive." We find no error in the trial court's exclusion of the documents in question from the record. Accordingly, this issue is without merit.

Finally, Ms. Collins argues that the garbage truck did not regularly provide service to her home during the period for which she was billed. In an affidavit filed with her Motion for Partial Summary Judgment, Mr. Wesley Collins stated the following:

> 1. I live at 520 Collins Lane, Cedar Grove Tennessee.
> 2. The garbage collection truck ran to our residence for the first time on Tuesday, July 5, 1994.
> 3. The driver asked if we could take our garbage to the other road to be picked up. He was told that we would not do that.
> 4. The truck never ran to our residence again until January, 1995. At that time it ran off and on until March at which time it began to run regularly, and to the best of my knowledge has run every Tuesday since.

On the other hand, in an affidavit filed by Jeff Heyduck, the Director of Solid Waste and Recycling for Carroll County, he stated the following:

> As the director of the Solid Waste Authority it is one of my duties to insure that the pickup services are provided. Before any civil warrants are sworn out I check to make certain that the person being sued for delinquent bill lives outside of municipality and that his or her residence is located on a scheduled route and finally that the truck runs that route to make service available to the resident.

We find that the two aforementioned affidavits are conflicting, and thus present a material issue of fact as to whether the garbage collection truck did in fact make service available to the Defendant during the period for which she was billed. Accordingly, we reverse and remand the case for further proceedings solely concerning this issue.

### Conclusion

Accordingly, for the aforementioned reasons, we affirm the decision of the trial court in part, and we reverse and remand for further proceedings solely on the issue of whether garbage collection services were made available to Appellant during the period for which she was billed. Costs are taxed against the Appellant, Odillion Collins, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE