IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 4, 2007 Session

## WAYNE JOINER v. CAROLE CARTER, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 03C-1237     Marietta M. Shipley, Judge**

---

**No. M2003-02248-COA-R3-CV -Filed on June 27, 2007**

---

A member of the Sumner County YMCA was terminated from membership in the organization because of inappropriate sexual comments he allegedly directed toward female staff members. He brought *pro se* lawsuits against numerous employees of the YMCA, first in United States District Court, claiming that their actions had violated his civil rights, slandered him, invaded his privacy, and caused him humiliation and embarrassment. The federal court dismissed his complaint for lack of jurisdiction. A subsequent complaint in the Circuit Court of Davidson County alleging substantially the same facts was also dismissed, for failure to state a claim for which relief can be granted. Undeterred, the plaintiff then filed a nearly identical complaint in the same court. The trial court dismissed the complaint on the basis of *res judicata*. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Wayne Joiner, Hendersonville, Tennessee, Pro Se

Joseph A. Kelly, Anne-Marie Moyes, Nashville, Tennessee, for the appellees, Carole Carter, et al.

**OPINION**

**I. COMPLAINTS IN FEDERAL AND STATE COURTS**

The plaintiff in this case, Wayne Joiner, was a member of the Sumner County YMCA in Hendersonville. According to his complaint, employees of the YMCA unjustly accused him, on at least two occasions, of making inappropriate comments of a sexual nature to female staff members. On January 18, 2002, he received a letter from Suzanne Dooley, a YMCA employee, putting him on notice that any more such complaints would result in termination of his membership.

Shortly after receiving the letter from Ms. Dooley, Mr. Joiner filed a pro se petition in United States District Court for Middle Tennessee. The federal court petition named Ms. Dooley, Carole Carter (another YMCA employee) and "the YMCA and their insurors" as defendants. The document alleged that the action of the defendants had violated Mr. Joiner's constitutional rights and amounted to discrimination, harassment, denial of free speech, slander, defamation of character, humiliation, embarrassment, libel, false accusations and invasion of privacy. He asked for $250,000 in damages, "plus any and all punitive damages the Court will allow." He also moved the court to appoint an attorney to represent him. That motion was denied.[1]

The defendants filed a motion to dismiss the petition for lack of federal subject matter jurisdiction. They noted that there were no allegations in the petition of any facts that could serve as a basis for diversity jurisdiction, or allegations of state action in violation of the United States Constitution. Mr. Joiner did not file a response to the motion.

On August 21, 2002, the federal court granted the defendants' motion, dismissing the federal lawsuit with prejudice, but without prejudice to any state claims therein alleged. Mr. Joiner filed an appeal of the District Court's order to the United States Court of Appeals for the Sixth Circuit, but subsequently filed a motion to be allowed to voluntarily dismiss his appeal, which was granted. Mr. Joiner was terminated from membership in the YMCA on October 30, 2002.

On or about December 2, 2002, while the federal appeal was still pending, Mr. Joiner filed a petition in the Circuit Court of Davidson County. We will refer to this petition as State Case I. This new pleading added some defendants who had not been named in the federal action and raised the claim for damages to $500,000. It alleged substantially the same facts which had been included in his federal lawsuit, but made Mr. Joiner's termination from the YMCA an additional cause for complaint. The plaintiff asked for a trial by jury and an order from the court to reinstate his YMCA membership until a legal hearing could be held.

The defendants responded with a motion for dismissal on several grounds, including failure to state a claim for which relief can be granted under Tenn. R. Civ. P. 12.02(6). The trial court granted the motion on January 31, 2003. The court noted that Mr. Joiner did not plead that any of the defendants had acted under color of state law and ruled that the omission was fatal to any constitutional claim. The court further held that the complaint did not plead sufficient facts to establish the essential elements of any other cause of action and, thus, it was appropriate to dismiss it under Tenn. R. Civ. P. 12.02(6).

Mr. Joiner filed an affidavit in the trial court on April 14, 2003 which purported to be a notice of appeal of the final order of the circuit court. This court dismissed the appeal in an order dated April 23, 2003, because Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and be

---

[1]The record shows that Mr. Joiner also filed a motion to have an attorney appointed for him in state court, which was likewise denied. There is no absolute right to appointed counsel in a civil case. *Memphis Board of Realtors v. Cohen,* 786 S.W.2d 951, 953 (Tenn. Ct. App. 1989).

received by the trial court within thirty days after entry of the judgment appealed from. As we noted in our order, the thirty day time limit is mandatory and jurisdictional. *See John Barb, Inc. v. Underwriters at Lloyds of London*, 653 S.W.2d 422, 424 (Tenn. Ct. App. 1983). It cannot be waived, nor may it extended by this court. Tenn. R. App. P. 2. *Jefferson v. Pneumo Services Corp.*, 699 S.W.3d 181, 184 (Tenn. Ct. App. 1985).

## II. THE SECOND STATE CASE

On April 28, 2003, within days of this court's order, Mr. Joiner filed yet another complaint in Circuit Court, which we will refer to as State Case II. The allegations of this complaint were identical word-for-word to the complaint previously filed in federal court. The document appears to be a Xerox copy of the federal complaint, with the name of the federal court simply whitened-out and typed over at the top of the first page. The complaint thus leaves out the fact that the YMCA terminated Mr. Joiner's membership in October of 2002, removes the defendants added by State Case I, and reduces Mr. Joiner's claim for damages to the original $250,000.

On June 10, 2003, Mr. Joiner filed a motion asking the trial judge to recuse herself from the case. The same judge had heard State Case I and had ruled against the plaintiff. Mr. Joiner's explanation of the basis of his motion was simply "the reasons already shown in the official records. This act being done in the interest of justice for all concerned."

On August 14, 2003, the judge denied Mr. Joiner's motion to recuse herself and dismissed his complaint. The court stated that it found that "Plaintiff's complaint is substantially the same as the Complaint filed by Plaintiff in this court last year" and consequently that it was barred under the doctrine of *res judicata*. The court further found that "the Complaint does not plead sufficient facts to support the essential elements of any cause of action." This appeal followed.

## III. *RES JUDICATA*

*Res judicata* is a claim preclusion doctrine that serves an essential function in our system of justice by promoting finality in litigation. *See Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976); *Young v. Barrow*, 130 S.W.3d 59, 64 (Tenn Ct. App. 2003). Under that doctrine, "a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to subsequent action involving the same claim, demand, or cause of action." *Richardson v. Tennessee Board of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995), *quoting* Black's Law Dictionary 1172 (5th Ed. 1979). *See also Young*, 130 S.W.3d at 64.

The doctrine is based on the principle of finality and is justified on broad grounds of public policy in order to protect litigants and society from the expense and annoyance of interminable litigation about the same matter. *Moulton*, 533 S.W.2d at 296. This principle is sometimes expressed by saying that a plaintiff is only entitled to one bite of the apple. *Gerber v. Holcomb*, 219 S.W.3d 914, 918 (Tenn. Ct. App. 2006); *Fye v. Kennedy*, 991 S.W.2d 754, 761 (Tenn. Ct. App.

1998). In other words, a party may not file the same claim again and again in hopes of a different result.

Under *res judicata,* a second suit between the same parties or their privies on the same cause of action is barred with respect to all the issues which were or could have been litigated in the former suit. *Richardson*, 913 S.W.2d at 459; *Collins v. Greene County Bank*, 916 S.W.2d 941, 945 (Tenn. Ct. App. 1995). Parties asserting a *res judicata* defense must demonstrate that (1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was final and on the merits, (3) the same parties or their privies were involved in both proceedings, and (4) both proceedings involved the same cause of action. *Young*, 130 S.W.3d at 64; *Lien v. Couch,* 993 S.W.2d 53, 55-56 (Tenn. Ct. App. 1998); *Lee v. Hall,* 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990).

State Case I and State Case II were both filed in the Circuit Court of Davidson County, which is authorized to hear all civil claims for unliquidated damages. *See* Tenn. Code Ann. § 16-11-102; *City of Bolivar v. Goodrum*, 49 S.W.3d 290, 292 (Tenn. Ct. App. 2000). Thus, the trial court in State Case I was a court of competent jurisdiction.

The trial court dismissed State Case I with prejudice under Tenn. R. Civ. P. 12.02(6) for failure to state a claim upon which relief could be granted. An order granting a Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim is an adjudication on the merits. *Boyd v. Prime Focus, Inc.,* 83 S.W.3d 761, 766 (Tenn. Ct. App. 2001); *Rampy v. ICI Acrylics, Inc.,* 898 S.W.2d 196, 208 (Tenn. Ct. App. 1994). The court's judgment, rendered on January 31, 2003, was a dismissal of all of the plaintiff's claims. Such a judgment becomes final thirty days after entry, unless a party files a post-judgment motion under Tenn. R. Civ. P. 52 or 59. No such motion was filed in this case.

State Case I named the YMCA, four of its employees and officers, the Hendersonville Police Department and one of its officers as defendants. State Case II named the YMCA and two of its employees as defendants. State Case I and State Case II involved the same causes of action and the same set of alleged facts. State Case II does not include any purported basis for liability by the defendants that was not raised in State Case I. Accordingly, the judgment in State Case I is a bar to Mr. Joiner's later-filed case. We affirm the judgment of the trial court.

## V.

The judgment of the trial court is affirmed. We remand this case to the Circuit Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant, Wayne Joiner.

_____
PATRICIA J. COTTRELL, JUDGE

-4-